# Harlambo's Adminstrator v. Christopher.

(Decided January 20, 1931.)

(As Modified on Denial of Rehearing March 27, 1931.)

BRADSHAW, MacDONALD & McMURRY, W. F. McMURRY, JR., W. A. BERRY, and C. C. GRASSHAM for appellant.

F. E. GRAVES, ROY HOLMAN, and BEN S. ADAMS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

This is the second appeal of this case. The first opinion is reported in 231 Ky. 550, 21 S. W. (2d) 983.

The facts were stated in the original opinion as they applied to the case then presented, but, since the learned attorneys representing appellant insist that the former opinion is the law that must govern on this appeal, we deem it necessary to restate the facts to the extent of showing that the former opinion has no controlling influence on this appeal. A casual investigation of that opinion and the facts are sufficient to show the distinction between the case then presented and the case now presented.

It was proven to the satisfaction of the jury at both trials that Chris Haralambo in the spring of 1911 made a contract with appellee whereby appellee agreed to take charge of a moving picture show business which was operating in the South and manage it for Haralambo upon the terms and conditions that appellee should receive for his services one-half of the net proceeds. In addition it was agreed that appellee should send his half of the proceeds, along with the half belonging to Haralambo, to

Haralambo, at Paducah, who should invest the joint profits in real estate, and, upon the death of Haralambo, he would leave the real estate bought by their joint money to appellee. In the former opinion it is clearly stated that it was agreed between them that appellee should receive one-half of the net profits for his services. It is pointed out in that opinion that the suit was to enforce the contract to compel a conveyance of the real estate, or to recover the value of the real estate. That was the only question before the court. The opinion held that the contract to convey the real estate to appellee was within the statute of frauds, and, for that reason, not enforceable. The court also held, in that case, that where such a contract could not be enforced, in some instances, the value of the property agreed to be devised could be recovered. But it was said that the rule was confined to cases where there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. The announced principle is bulwarked by cited authorities. The court then proceeded to state what the rule was in such cases where the value of services could be measured in money, and that rule was clearly stated, and, if we had such a case before us, the principles would be controlling, but we have no such case. The former opinion did not attempt to consider the contract in its severalty. The opinion did state that the agreement was that appellee should receive, by the terms of the contract, one-half of the profits of the business, but that was not the contract on which appellee in that case sought to recover. He sought to enforce the ultimate contract which was that Haralambo would devise the real estate which he purchased with the joint proceeds from the show business to appellee.

When the case went back to the circuit court appellee abandoned any effort to enforce the contract to devise the real estate, or to recover its value. He turned his attention then to the preliminary contract between him and Haralambo that he was to have for his services one-half of the profits from the business. There is no contention that the agreement was within the statute of frauds. He made no further attempt to recover on the agreement to devise the property. Consequently, the opinion on the former appeal had no application whatever, because it dealt solely with a suit to recover the property, or its value, and the rules announced in that opinion are entirely sound as they apply to such cases.

An amended petition was filed after the return of the case to the circuit court, wherein the basis of the recovery was rested on the contract that appellee was to receive one-half of profits from the business. The issues were made up, and the case was tried, and the jury returned a verdict in favor of appellee for $15,000, which was slightly less than the amount claimed by him. The only question presented to the jury was whether there was a contract whereby Haralambo agreed to allow appellee one-half of the profits from the business for his services in managing it. The proof tended to show that the profits of the business amounted to $35,000. The proof also tended to show that this sum was remitted to Haralambo. Under the oral agreement, if it was so remitted, it was invested in real estate and all of the real estate was devised to appellee. As the court on the former opinion had held that the contract to devise could not be enforced, appellee sought nothing but a recovery of the money under the contract which was enforceable, that is the contract that appellee should have one-half of the profits of the business for his services. The trial court correctly interpreted the former opinion, correctly interpreted the issues, and correctly instructed the jury, and it is not for us to say that the jury incorrectly found for appellee, as there was substantial evidence to sustain his contention.

Appellant, realizing that the cause of action stated in the amended petition was based on the alleged right of recovery of money earned and payable under the oral contract, interposed a plea of limitation on the ground that more than five years had elapsed before the institution of the suit after the services had been completed. This contention is based on sections 2515 and 2522, Ky. Stats. Counsel rely on the case of Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459. There was a different state of facts in that case. There was no promise in that case that the debt would be satisfied by a devise of real estate. Haralambo had promised that he would devise the real estate to appellee and thus satisfy the amount that he was indebted to him and also double the amount if the value of the real estate should be worth as much as, or more than, he paid for it. Appellee's right of action did not accrue until the death of Chris Haralambo, and for that reason the five-year statute of limitation did not begin to run until that time.

We find no difficulty whatever in reaching the conclusion that the trial court was correct in his theory of the

principles which should be applied to the trial of this action. It was a suit on an enforceable contract which was separate from the contract wherein Haralambo agreed to devise the real estate to appellee.

Judgment affirmed.

Whole court sitting.